## LINKHART v. KIRKHART.

No. 5292. Opinion Filed January 18, 1916.

(154 Pac. 645.)

**APPEAL AND ERROR—Harmless Error—Evidence.** Record examined, and held: (1) That the evidence adduced upon the trial is sufficient to sustain the judgment; (2) that the exclusion of certain evidence was not prejudicial to the rights of defendant; and (3) that upon examination of the entire record it does not appear that the errors complained of have probably resulted in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right.

(Syllabus by Bleakmore, C.)

*Error from County Court, Okmulgee County;*
*George A. Johns, Judge.*

Action by Harry A. Kirkhart against Dallas B. Linkhart. Judgment for plaintiff on appeal from a justice's judgment, and defendant brings error. Affirmed.

*James M. Hayes,* for plaintiff in error.

*Van H. Albertson,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in a justice court of Okmulgee county in May, 1912, by Harry Kirkhart, seeking to recover $102.50 alleged to be due him by Dallas B. Linkhart for work as a farm laborer. Defendant pleaded a set-off and counterclaim and prayed judgment against the plaintiff in the sum of $55.35. There was judgment for plaintiff before the justice. Appeal was had to the county court, where, upon trial to a jury, plaintiff again prevailed, recovering judgment for $35.50, and defendant has brought the case here.

As grounds for reversal defendant urges: (1) That the evidence is wholly insufficient to sustain the judgment; and (2) that the trial court erred in the exclusion of certain testimony.

The evidence is conflicting, but on the whole strongly supports the verdict. To review at length the testimony offered and excluded would serve no useful purpose. The action of the court in this respect does not constitute prejudicial error. Suffice it to say that upon an examination of the entire record we are of opinion that no error was committed upon the trial of this case which has resulted in a miscarriage of justice, or which amounts to a substantial violation of any statutory or constitutional right of the defendant. Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.